IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |
|---|---|
| MARCUS D. MIDDLEBROOK,<br><br>        Plaintiff,<br><br>        v.<br><br>THE UNITED STATES,<br><br>        Defendant. | No. 23-1066<br><br>Filed: February 28, 2024 |

**MEMORANDUM OPINION AND ORDER**

On July 11, 2023, pro se litigant Marcus D. Middlebrook ("Plaintiff") filed this action against the Government pertaining to stimulus funds he received pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and the Consolidated Appropriations Act of December 27, 2020 ("CAA"). Before the Court is the Government's Motion to Dismiss under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") for lack of jurisdiction, as well as its alternative request to dismiss under RCFC 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons discussed below, the Government's request is **DENIED IN PART** and **GRANTED IN PART**. While the Court lacks jurisdiction over some of Plaintiff's claims, his statutory claim falls within the Court's subject-matter jurisdiction. That statutory claim, however, fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint must be **DISMISSED**.

### I. BACKGROUND

On March 27, 2020, President Donald Trump signed the CARES Act into law. Pub. L. No. 116-136, § 2201, 134 Stat. 281, 335 (2020) (codified at I.R.C. § 6428). The Act established a $1,200 refundable tax credit for eligible individuals. I.R.C. § 6428(a)(1). Later that year, the

CAA authorized another $600 refundable credit to eligible individuals. Pub. L. No. 116-260, § 272, 134 Stat. 1182, 1965 (2020) (codified at I.R.C. § 6428A). Both credits were payable either as an advance refund or credit (known as an Economic Impact Payment ("EIP")) until December 31, 2020, and January 15, 2021, respectively, or as an income tax rebate (known as the "Recovery Rebate Credit") claimable on the individual's 2020 tax return. I.R.C. §§ 6428(f)(3)(A), 6428A(f)(3)(A)(ii)(I); IRS Form 1040 Instructions (2020) (Line 30).

In early 2021, Plaintiff filed multiple Form 1040 tax returns, as well as a "'2020 Recovery Rebate' form," with the Internal Revenue Service ("IRS") to receive the $1,200 and $600 stimulus payments. Pl.'s Compl. ¶¶ 5–7, ECF No. 1. In its motion, the Government provides evidence that Plaintiff filed his U.S. Individual Tax Return for the 2020 tax year on March 1, 2021, followed by several amended returns. Def.'s Mot. to Dismiss at 3, ECF No. 21; Ex. to Def.'s Mot. at 3, ECF No. 21-1 (certified Form 4340 pertaining to Plaintiff's returns for tax year 2020). The IRS added the $1,800 combined credit plus an additional $22.93 in interest to Plaintiff's 2020 tax year account, and on September 24, 2021, issued a refund to Plaintiff in the amount of $1,822.93. ECF No. 21 at 3; ECF No. 21-1 at 3, 6. The IRS mailed the refund check to the correctional facility where Plaintiff has been incarcerated since 2004, and the prison endorsed the check. ECF No. 21-1 at 6–7. In his response to the Government's Motion, Plaintiff admits that the IRS sent him $1,822.93 on this date. Pl.'s Resp. to Mot. to Dismiss ¶ 8, ECF No. 29.

Notwithstanding this concession, Plaintiff's Complaint alleges that he has not received "his fair share of the stimulus fund payments." ECF No. 1 ¶ 7. He claims that the Government failed "to furnish and provide the . . . stimulus payment to [him] as mandated by [the CARES Act and the CAA]" and in violation of his Fourteenth Amendment right to equal protection of the law. *Id.*

¶ 9. Plaintiff requests that the Court order the Government to issue separate checks in the amount of $1,200 and $600 "to his account to be exempt at the [correctional facility]." *Id.* at 4.

On October 2, 2023, the Government filed a Motion to Dismiss this action for lack of jurisdiction. Considering that the IRS issued Plaintiff's stimulus payments in 2021, it argues that the Court "lacks jurisdiction over this suit because it does not present a live controversy." ECF No. 21 at 1. In support of its argument, the Government relies on the mootness doctrine. *See id.* at 4.

In his response to the Government's Motion, Plaintiff clarifies that his challenge is an objection to the manner in which IRS issued his payment. *See* ECF No. 29 ¶¶ 8, 9–14. Specifically, Plaintiff asserts that the IRS's sending the stimulus payments as a single, combined tax refund caused the $600 payment pursuant to the CAA "to be offset to non tax [sic] debts." *Id.* ¶ 8. He does not indicate which entity applied an offset, but he refers to possible causes of action against state prison officials in the State of Michigan. *Id.* ¶ 12. Plaintiff additionally claims his Complaint involves a "tortious issue concerning tax law," *id.* ¶ 2, as well as clear violations of his constitutional rights, namely his First Amendment rights, and his Due Process and Equal Protection rights under the Fourteenth Amendment, *id.* ¶¶ 11, 15–17.

The Government argues that these clarified objections are beyond the Court's jurisdiction and fail to state a claim upon which relief may be granted. *See* Def.'s Reply at 2–5, ECF No. 32. According to the Government, Plaintiff appears to claim that "the refundable credits authorized by the CARES Act and the CAA should have been issued to [Plaintiff] as separate EIPs" instead of as a tax refund. *Id.* at 1 (footnotes omitted). The Government explains that if issued as an EIP, "the refundable credit authorized by the CAA was generally not subject to offset for outstanding federal and state debts." *Id.* at 1 n.3 (citing IRS, *Frequently Asked Questions on the Treasury*

*Offset Program (TOP), IRS 2021 Child Tax Credit, Economic Impact Payments, and the Recovery Rebate Credit* (July 14, 2023), https://fiscal.treasury.gov/top/faqs-for-the-public-covid-19.html) ("IRS FAQs")); I.R.C. § 6428A note (Administrative Provisions).[1]  However, if the Recovery Rebate Credit was included in a tax refund, it was subject to offset for debts owed to the United States or certain state agencies.  IRS FAQs, *supra*; I.R.C. § 6428 note (Exception from Reduction or Offset).

## II.  LEGAL STANDARD

The Court must dismiss an action if it lacks subject-matter jurisdiction.  RCFC 12(h)(3).  "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte."  *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).  While the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction.  *See Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004))).  When deciding a Rule 12(b)(1) motion, the Court must accept facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff, *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995); however, it may consider "evidentiary matters outside the pleadings" when jurisdictional facts are disputed, *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985).

---

[1] The refundable credit authorized by the CARES Act also was subject to offset, but only to collect delinquent child support obligations referred by a state to the Treasury.  *See* I.R.C. § 6428 note (Exception from Reduction or Offset); IRS FAQs, *supra.*

4

Pursuant to the Tucker Act, the subject-matter jurisdiction of this Court is limited to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To state a substantive cause of action, a plaintiff must "identify a substantive source of law that creates the right to recovery of money damages against the United States." *Rick's Mushroom Serv. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

The Court must also dismiss a complaint for failure to state a claim upon which relief may be granted. *See* RCFC 12(b)(6). To survive dismissal, a complaint must "allege facts 'plausibly suggesting . . . a showing of entitlement to relief.'" *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is likewise "not bound to accept as true a legal conclusion couched as a factual allegation." *Acceptance Ins.*, 583 F.3d at 853 (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion, the Court may consider the complaint itself, exhibits attached to the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Todd Constr., L.P. v. United States*, 94 Fed. Cl. 100, 114 (2010) (quoting *Tellabs, Inc. v. Makor Issues & Rts. Ltd.*, 551 U.S. 308, 322 (2007)), *aff'd*, 656 F.3d 1306 (Fed. Cir. 2011).

### III. DISCUSSION

Plaintiff does not allege that the IRS failed to issue Plaintiff's CARES Act and CAA stimulus payments. As clarified by his briefing, Plaintiff's claim challenges the manner in which the IRS issued his credits under those statutes, which resulted in the CAA payment being subject

to offset for debt.  The Court has subject-matter jurisdiction to hear the claim that Plaintiff is bringing under the CARES Act and the CAA, even though it lacks jurisdiction to hear the other tort and constitutional claims alleged by Plaintiff.  However, Plaintiff has failed to plead facts demonstrating that the applicable statutes required the IRS to issue his CARES Act and CAA payments in separate checks or as EIPs not subject to offset for non-tax debts.  As such, he has failed to state a claim on which relief may be granted.

### A. The Government's Motion to Dismiss for Lack of Subject-Matter Jurisdiction is Denied in Part and Granted in Part.

The Court has jurisdiction over Plaintiff's claim, as clarified in his response to the Government's Motion.  There are, however, limits to the Court's exercise of jurisdiction in this matter.  Though Plaintiff's request for payment pursuant to the CARES Act and the CAA falls within the Court's jurisdiction, other allegations raised in the Complaint and his response do not.  Specifically, the Court may not hear the tort or constitutional claims alleged.

#### 1. The Court Has Subject Matter Jurisdiction Over Plaintiff's "Wrong Form of Payment" Claim Under the CARES Act and the CAA.

Plaintiff's claim is not, as the Government originally interpreted it, that the IRS completely withheld his stimulus funds.[2]  *See* ECF No. 21 at 6.  Rather, Plaintiff claims that he should not have received the CARES Act and CAA funds as a single tax refund and that, as a result of the IRS's action, his CAA funds became subject to offset for non-tax debts.  *See* ECF No. 29 ¶ 8.

---

[2] Since Plaintiff is not asserting a non-payment claim, the Government's mootness argument is irrelevant.  *See* ECF No. 21 at 4–5.  Moreover, mootness applies when, due to events that occur *after* the filing of a complaint, "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).  Here, both parties agree that the IRS sent Plaintiff a check for $1,822.93 *before* the Complaint was filed.  Accordingly, to the extent a non-payment claim had been raised, it would fail for lack of standing, not due to mootness.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 189–92 (2000) (examining the differences between standing and mootness).

6

Plaintiff seeks an order directing the IRS to issue him separate EIPs so that he may avoid such offset. *See id.* ¶ 18. The Court has subject-matter jurisdiction over such claim.

Plaintiff has established the Court's jurisdiction by alleging a violation of a money-mandating source of law. *See United States v. Mitchell*, 463 U.S. 206, 216. To demonstrate that a source of substantive law is money-mandating, it must "'fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (quoting *Mitchell*, 463 U.S. at 217). Here, Plaintiff has identified the CARES Act and the CAA, which are money-mandating in nature. *See Prance v. United States*, No. 22-1905, 2023 WL 6799101, at *2 (Fed. Cl. Oct. 13, 2023) (agreeing in principle that the CARES Act and the CAA are "entitlement statutes" that "would support Tucker Act jurisdiction"); *Chery v. United States*, No. 23-136, 2023 WL 8813173, at *1 (Fed. Cl. Dec. 20, 2023) (acknowledging no jurisdictional defect for claim that IRS should have issued CAA stimulus payment as EIP instead of rebate credit). Plaintiff's allegations that the IRS violated these statutes in the processing of his payments satisfies the money-mandating standard and provides the Court with jurisdiction over the claim.

        2.        <u>The Court Lacks Jurisdiction Over Plaintiff's Additional Tort and Constitutional Claims.</u>

Although the Court has jurisdiction over Plaintiff's statutory claim, it lacks jurisdiction over Plaintiff's tort and constitutional claims. Plaintiff represents that his claim involves a "tortious issue concerning tax law," ECF No. 29 ¶ 2, and further alleges that the IRS's failure to send the $600 CAA funds separate from the CARES Act funds "clearly violated" his First Amendment rights, as well as his Due Process and Equal Protection rights under the Fourteenth Amendment, *id.* ¶¶ 11, 15–17; ECF No. 1 ¶ 9.

The Tucker Act plainly excludes claims sounding in tort from the jurisdiction of this Court. 28 U.S.C. § 1491(a)(1); *Rick's Mushroom Serv.*, 521 F.3d at 1343. Accordingly, the "tortious issue concerning tax law" alleged by Plaintiff cannot be heard by the Court. ECF No. 29 ¶ 2. Further, Plaintiff's constitutional claims are not premised on provisions that mandate the payment of money damages by the Government. *See Madison v. United States*, 98 Fed. Cl. 393, 396 (2011) ("This court does not have jurisdiction over plaintiffs' claims for violations of the First Amendment because the First Amendment does not obligate the Federal Government to pay money damages."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that the violation of rights under the Due Process Clause and Equal Protection Clause were not a sufficient basis for jurisdiction because the provisions do not mandate payment of money by the government). As such, Plaintiff's additional tort and constitutional claims cannot be heard.

**B.   Plaintiff Has Failed to State a Claim Upon Which Relief May Be Granted by Failing to Show That the Government Violated a Legal Interest of Plaintiff.**

Plaintiff seeks to have his CARES Act and CAA stimulus funds issued separately as EIPs, rather than as a single tax refund, so that he may avoid offsets for non-tax debts. *See* ECF No. 29 ¶¶ 8, 9–14. Although within the Court's jurisdiction, this is not a claim upon which relief may be granted because, other than a conclusory claim of a "statutory violation," ECF No. 1 ¶ 9, Plaintiff has not alleged that the Government failed to comply with any legal obligation under the CARES Act or the CAA.

On the contrary, Plaintiff's allegations indicate that the Government followed the requirements of the statutes. The CARES Act and CAA credits that Plaintiff received were

8

unavailable as direct payments (*i.e.*, EIPs) after December 31, 2020, and January 15, 2021, respectively. I.R.C. §§ 6428(f)(3)(A), 6428A(f)(3)(A)(ii)(I). After these dates, the refundable tax credits were available only as income tax rebates. *See* ECF No. 32 at 3 (citing IRS Form 1040 Instructions (2020) (Line 30)). The IRS began accepting 2020 tax returns on February 12, 2021. *See id.* (citing IRS, *2021 Tax Filing Season Begins Feb. 12* (Jan. 15, 2021), https://www.irs.gov/newsroom/2021-tax-filing-season-begins-feb-l2-irs-outlines-steps-to-speed-refunds-during-pandemic). As such, taxpayers claiming the credits on a tax return, as Plaintiff alleges he did, were requesting the credits as a 2020 tax rebate, not as EIPs. *See* ECF No. 1 ¶¶ 4–6 (alleging Plaintiff filed the 1040 tax form and Recovery Rebate Credit form for the 2020 tax year). Consistent with the statutes and Plaintiff's 2020 tax return requesting a recovery rebate credit, the IRS sent Plaintiff a tax refund of $1,822.93. *See* ECF No. 29 ¶ 8.

As other judges of this Court have held, the CARES Act and the CAA "protect relief payments from offset only if the monies are claimed in the form of EIPs rather than through a tax refund." *Prance*, 2023 WL 6799101, at *3; *see Chery*, 2023 WL 8813173, at *2. To the extent Plaintiff argues that he was entitled to receive the $600 CAA stimulus payment as an EIP, notwithstanding his request that he obtain the payment as a tax refund, numerous courts have held that taxpayers do not have a right to receive CARES Act or CAA stimulus payments in a particular form. *See Moffa v. Yellen*, No. 1:22-cv-00565, 2022 WL 4134738, at *5 (M.D. Pa. Sept. 12, 2022); *Hudson v. Dep't of Treasury*, No. 1:21-cv-392, 2021 WL 5782471, at *3 (W.D. Mich. Dec. 7, 2021); *Rahoi v. Internal Revenue Serv.*, No. 20-cv-1289, 2021 WL 2717164, at *3 (E.D. Wis. July 1, 2021). Thus, as a matter of law, Plaintiff has no legal protection from offset because he asked for and received a tax refund, not an EIP, and the Government did not violate any legally protected right of Plaintiff by furnishing the credit in the form that Plaintiff himself requested. As such,

Plaintiff has failed to state a claim upon which relief may be granted, and the Court must grant the Government's alternative ground for dismissal.[3]

## IV.  CONCLUSION

For these reasons, the Government's request for dismissal is **DENIED IN PART** and **GRANTED IN PART**.  The Court has subject-matter jurisdiction over Plaintiff's statutory claim, but the tort and constitutional claims must be dismissed for lack of jurisdiction pursuant to RCFC 12(b)(1).  Nevertheless, Plaintiff's statutory claim is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6).  The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

Dated: February 28, 2024               */s/ Kathryn C. Davis*
                                       KATHRYN C. DAVIS
                                       Judge

---

[3] The Government originally moved for dismissal on only jurisdictional grounds, but later raised an alternative ground under RCFC 12(b)(6) in its reply.  Typically, parties are not permitted to raise new arguments in a reply brief; however, the Court acknowledges that Plaintiff's response to the motion significantly clarified the nature of the claim alleged in the Complaint.  Based on the clarification, there was ample basis to assert a Rule 12(b)(6) request for dismissal.  Even if the Government had not raised it, a court may dismiss an action sua sponte for failure to state a claim pursuant to RCFC 12(b)(6), "provided that the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).